UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEVON A SHERIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00036-RLY-KMB |
| | ) | |
| JOHN DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING CASE AND DIRECTING ENTRY OF FINAL JUDGMENT**

On April 17, 2025, the Court screened Mr. Sheriff's amended complaint and gave him until May 18, 2025, to show cause why his case should not be dismissed on statute of limitations grounds. Dkt. 17; *see Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (courts should consider statute of limitations at screening). On May 28, 2025, Mr. Sheriff responded arguing that he was "misled by the Wisconsin three-year statute of limitations, which is why he filed one month before their deadline." Dkt. 18 at 1 (cleaned up). The Court liberally construes Mr. Sheriff's response to assert that the doctrine of equitable tolling should apply in this case to preserve his claim. However, Mr. Sheriff has not alleged facts to show that the doctrine applies here.

Because Mr. Sheriff's amended complaint was brought pursuant to 42 U.S.C. § 1983, the Court borrows the limitations period and tolling rules applicable to personal-injury claims under state law. *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). "The pertinent Indiana statute of limitations is two years." *Id.* (citing Ind. Code § 34–11–2–4). In Indiana, "[a] cause of action in a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another*." Holland v. Indiana Farm Bureau Ins.*, 110 N.E.3d 369, 375 (Ind.

Ct. App. 2018). Indiana courts will toll the "period of limitations under the doctrine of equitable estoppel" only when "a party's actions prevent another party from obtaining the requisite knowledge to pursue a claim." *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019).

In this case, Mr. Sheriff alleges that he was subjected to excessive force by the Sheriff of Marion County and a Jane Doe transport officer. Dkt. 9 at 1-2. His amended complaint specifically stated that the event occurred in the early morning hours of October 10, 2021. *Id.* at 2.

Mr. Sherriff states that, months after the incident, he was released from custody on November 21, 2021, and was hospitalized on and off for COVID 19 symptoms and other medical reasons "around the time the government shut down [which] also made matters complicated to proceed pro se." *Id.* (cleaned up). Mr. Sheriff's response also argues that, because he was incarcerated in a Wisconsin jail from October of 2022 to February of 2024, that he "did not have access to any 'typing computer' or the correct material to assist him with moving forward this claim." Dkt. 18 at 2. Mr. Sheriff also argues "he did not have any knowledge about Indiana law" or regarding "how to file a civil suit." *Id.* Mr. Sheriff indicates that he has a learning disability and mental health issues. *Id.* But these sorts of complications affect many, if not, most, incarcerated pro se litigants.

Mr. Sheriff also argues that he believed the Jane Doe transporter was employed by Wisconsin DOC because the transport van stopped to other Wisconsin locations during the route. *Id.* But Mr. Sheriff's response and amended complaint make clear that Mr. Sheriff had knowledge of where the events that gave rise to this lawsuit took place—in Marion County, Indianapolis, Indiana. *See e.g.* dkt. 9 at 2 ("plaintiff Devon A. Sheriff who was in the custody of Marion County

Jail located in Indianapolis, IN.). Mr. Sheriff specifically named defendants John Doe and Jane Joe as citizens of Indiana, who worked for Marion County Jail. Dkt. 9 at 1.

Mr. Sheriff alleges that he was tased in the "Marion County Jail" and alleges that the transporter never checked with Marion County Officials. Dkt. 18 at 2; dkt. 9 at 2 He also claims he was never properly medically treated by "Marion County nurses" after being tased. Dkt. 18 at 2; dkt. 9 at 3. All of these references to Marion County and Indiana indicate that he was fully aware that the events that gave rise to the complaint, at least in part, occurred in the state of Indiana.

Mr. Sheriff has not shown why the Court should not dismiss his claims. Mr. Sheriff's response to the show cause order does not demonstrate that the claims are not barred by the statute of limitations. Thus, the court **dismisses with prejudice** Mr. Sheriff's amended complaint. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 7/22/2025

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEVON A SHERIFF
462866
Racine Correctional Institution
2019 Wisconsin St
PO Box 900
Sturtevant, WI 53177-0900